**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, Trustee of Goodyear Land Trust, James Scrivano and Jeri R. Scrivano Beneficiaries,<br><br>Plaintiff,<br><br>vs.<br><br>Countrywide Home Loans, Inc., *et al.*,<br><br>Defendants. | No. CV-10-00514-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Emergency Motion to Remand and Request for an Award of Attorney Fees and Costs. (Dkt. # 8.) For the following reasons, the Court denies the Motion and the requested attorney fees.

**DISCUSSION**

On February 2, 2010, Plaintiff AOM Group ("Plaintiff") filed a Complaint in Maricopa State Court alleging eighteen causes of action against the following defendants: Countrywide Home Loans, Inc.; Fidelity National Title Insurance Company; Perry and Shapiro, LLP; Recontrust Company; Mortgage Electronic Registration Systems, Inc.; Ocwen Loan Servicing, LLC; and Federal Home Loan Mortgage Corporation (otherwise known as "Freddie Mac"). (Dkt # 8, Ex. A at 1.) Defendants subsequently filed a Notice of Removal, alleging that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. # 1.)

Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For purposes of removal jurisdiction, the Court must look at the case as of the time of removal. *See Wisconsin Dept. Of Corrections v. Schacht*, 525 U.S. 381, 390 (1998). When this case was removed from Maricopa County Superior Court, Plaintiff explicitly alleged that Defendants violated five federal statutes: (1) the Home Equity Protection Act, 15 U.S.C. § 1639 *et seq.*; (2) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; (3) the Truth-in-Lending Act, 15 U.S.C. § 1605 *et seq.*; (4) the Fair Credit Reporting Act, 15 U.S.C. § 1681; and (5) the Fair Debt Collection Practices Act, 15 U.S.C. 1692. And while Plaintiffs have filed an Amended Complaint, removing their federal claims (*see* Dkt. # 11), jurisdiction was still proper at the time of removal. *See Schacht*, 525 U.S. at 390.

Additionally, because Plaintiff alleged its claims against Freddie Mac, removal of this action to federal court was proper under 12 U.S.C. § 1452(f). *See Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg.*, 75 F.3d 1401, 1408 (9th Cir. 1996) (observing that federal courts have original jurisdiction over civil actions involving Freddie Mac); *see also Ely Valley Mines, Inc. v. Hartford Accident and Indem. Co.*, 644 F.2d 1310, 1314–15 (9th Cir. 1981) (holding that a federal officer or agency may unilaterally remove an entire case to federal court under 28 U.S.C. § 1442).

Accordingly, Plaintiff's Motion to Remand is without merit. Nevertheless, because federal courts are required to remand cases when it becomes clear that they lack subject-matter jurisdiction, *see* 28 U.S.C. § 1447(c), the Court will deny Plaintiff's Motion without prejudice to its refiling should it become clear that the Court lacks jurisdiction over this matter.

**IT IS THEREFORE ORDERED** that Plaintiffs Motion for Remand is **DENIED** without prejudice.

/ / /

/ / /

1    **IT IS FURTHER ORDERED** that Plaintiff's Request for an Award of Costs and
2 Attorney Fees is **DENIED**.
3    DATED this 11th day of March, 2010.

_G. Murray Snow_
G. Murray Snow
United States District Judge