**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, Trustee of Goodyear Land Trust, James Scrivano and Jeri R. Scrivano Beneficiaries,<br><br>Plaintiff,<br><br>vs.<br><br>Countrywide Home Loans, Inc., *et al.*,<br><br>Defendants. | No. CV-10-00514-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. # 17.) For the following reasons, the Court denies the Motion.

This action arises out of James and Jeri Scrivano's agreement to purchase property in Goodyear, Arizona from Countrywide Home Loans, Inc. As part of the agreement, the Scrivanos executed a promissory note and deed of trust in favor of Mortgage Electronic Registration Systems, Inc. A notice of trustee's sale was later filed, and on March 23, 2010, a forcible entry and detainer action went to hearing by default in state court, ordering a judgment for forcible entry and detainer and ordering that a writ of restitution may issue on March 30, 2010 to remove the Scrivanos from the property. Plaintiff now seeks a temporary restraining order and preliminary injunction to prevent any further attempts by Defendants to obtain the property, including use of the writ of restitution.

"The standard for issuing a [temporary restraining order] is the same as that for issuing a preliminary injunction." *Phillips v. Fremont Inv. & Loan*, 2009 WL 4898259 at *1 (D. Ariz. Dec. 11, 2009) (citing *Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007)). Therefore, a district court may grant a preliminary injunction or temporary restraining order under two sets of circumstances. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). First, a plaintiff must demonstrate: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Id.* (internal quotations omitted). Alternatively, a temporary restraining order or preliminary injunction is appropriate "if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of the hardships tips sharply in [its] favor." *Id.* (internal quotations omitted).

Plaintiff has not explained why it has a strong likelihood or probable success on the merits, or even why it has raised serious questions about the merits. Plaintiff's Notice of pending motion briefly discusses a deed to Freddie Mac from Defendant Ocwen Loan Servicing, LLC and an alleged failure to properly assign the deed of trust, but Plaintiff cites no legal authority and does not explain any specific factual or legal arguments relevant to these arguments. Plaintiff's amended complaint raises twelve claims, but neither the Motion nor the Notice of pending motion explain why this Court should grant Plaintiff relief on any of those claims.

To the extent Plaintiff contends that the Scrivanos did not receive proper notice of the deed of trust sale under A.R.S. § 33-808, Plaintiff has not presented evidence to demonstrate probable success on the merits. Defendants, on the other hand, offer evidence that they have met each requirement of Section 33-808, including (1) recording a notice with the Maricopa County Recorder's Office, (2) timely mailing the appropriate documents listed in A.R.S. § 33-809, (3) posting the notice of trustee's sale at the property and in a public place in the city, and (4) publishing notice in the Record Reporter, a newspaper of general publication for four

| 1 | consecutive weeks. (Dkt. # 20, Ex. 1–7.) Plaintiff offers only an affidavit of James Scrivano
| 2 | stating that he has "seen no evidence" of a posted or published notice and that he "did not
| 3 | receive any notice." (Dkt. # 17 at 21.) Mr. Scrivano's assertion that he personally did not
| 4 | observe any notice is insufficient to justify a TRO.

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. # 17) is **DENIED**.

DATED this 9th day of April, 2010.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge